IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WENCESLAO GUAVARA,                      )
                                        )
          Petitioner,                   )
                                        )
     v.                                 )
                                        )          1:26-cv-01289 (AJT-WEF)
ROBERT GUADIAN, *et al.*,               )
                                        )
          Respondents.                  )

## **ORDER**

Before the Court is Petitioner Wenceslao Guavara's Petition for Writ of Habeas Corpus,

[Doc. No. 1] (the "Petition"), filed on May 13, 2026.

Petitioner is a native and citizen of El Salvador, who entered the United States without

inspection in or around 1988. *Id.* ¶ 34. Since 2017, Petitioner has resided in Winchester, Virginia,

with his family. *Id.* ¶ 35. Petitioner has two United States citizen children, ages twelve and eleven,

and works in the construction and home improvement industry. *Id.* ¶¶ 35, 39. On May 8, 2026,

Petitioner was detained by immigration authorities, following which he was transferred to the

Farmville Detention Facility, and then, after the filing of this Petition, to a facility in Louisiana,

where he remains detained. *Id.* ¶ 40; [Doc. No. 4]. Petitioner contends it would be futile to request

a bond hearing before the Immigration Court in light of Respondents' interpretation of the INA's

mandatory detention provisions. [Doc. No. 1] ¶¶ 26, 41.

On May 19, 2026, in response to a Court order, Respondents submitted that the factual and

legal issues presented in the Petition do not differ in any material fashion from those presented in

*Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16,

2025), or the other opinions of this Court cited therein. [Doc. No. 5]. In light of the foregoing, the

Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be immediately returned to this district and then released from custody, with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Petitioner appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate

the case.

May 20, 2026
Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

3